UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS E. PEREZ, )
SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT )
OF LABOR, )
)
       Plaintiff, )
v. )
)
PRAHLAD, INC. d/b/a )
FAIRBRIDGE INN & SUITES, )
PRAHLAD ("PETER") PATEL, )
INDIVIDUALLY, and KOKILA PATEL, )
INDIVIDUALLY, )
) **COMPLAINT**
) **(Injunctive Relief Sought)**
       Defendants. )

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendants Prahlad, Inc. d/b/a Fairbridge Inn & Suites, Prahlad Patel, and Kokila Patel (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of § 15 of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages, an equal amount as liquidated damages, and compensatory damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A. Defendant Prahlad, Inc., doing business as Fairbridge Inn & Suites, at all times hereinafter mentioned, has been a corporation having places of business and doing business in Georgia, with its principal place of business in Atlanta, Georgia.

B. Defendant Prahlad Patel, an individual doing business in Atlanta, Georgia, at all times hereinafter mentioned, has been the Owner of Prahlad, Inc., and has acted directly or indirectly in its interest in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

C. Defendant Kokila Patel, an individual doing business in Atlanta, Georgia, at all times hereinafter mentioned, has been a manager of Prahlad, Inc., and has acted directly or indirectly in its interest in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or

in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Defendants have repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

V

Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VI

Defendants have violated § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by unlawfully discriminating against employees, in that Defendants intimidated, terminated, and threatened to terminate employees of the Company believed to have cooperated in the Department of Labor investigation and for otherwise exercising rights protected under the Act.

VII

Defendants repeatedly violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

## VIII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

    A.    Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act;

    B.    Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages and an additional equal amount as liquidated damages and compensatory damages, as appropriate, to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

    C.    And for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 18th day of January, 2017.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5489
 (404) 302-5438 (FAX)
Email:
chastain.lydia.j_@dol.gov
ATL.FEDCOURT@dol.gov


M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel
Georgia Bar No. 735410

BY: /s/ Lydia J. Chastain
LYDIA J. CHASTAIN
Attorney
Georgia Bar No. 142535

U.S. Department of Labor
Attorneys for Plaintiff.

SOL Case No. 17-00088

**Prahlad, Inc. d/b/a Fairbridge Inn & Suites, Prahlad Patel, and Kokila Patel**
**Appendix A**

1. Shelton, Vicki
2. Willis, Carlos
3. Willis, Gina
4. Wynn, Anthony