UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT<br>OF LABOR,<br><br>        Plaintiff,<br>v.<br><br>PRAHLAD, INC. d/b/a<br>FAIRBRIDGE INN & SUITES,<br>PRAHLAD ("PETER") PATEL,<br>INDIVIDUALLY, and KOKILA PATEL,<br>INDIVIDUALLY,<br><br>        Defendants. | 1:17-cv-00206-ELR |

**CONSENT JUDGMENT**

This Consent Judgment resolves a civil action filed in this Court by Thomas E. Perez, Secretary of Labor, United States Department of Labor (hereinafter "the Secretary") to enforce the provisions of Section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), 29 U.S.C. § 215(a)(3), against Defendants Prahlad, Inc. d/b/a Fairbridge Inn; Prahlad ("Peter") Patel, individually; and Kokila Patel, individual (hereinafter "Defendants").

On July 20, 2015, the Atlanta District Office of the United States Department of Labor's Wage and Hour Division (hereinafter "Wage Hour") initiated an investigation of Defendants' motel, Prahlad, Inc. d/b/a/ Fairbridge Inn and Suites, located at 1311 GA-20, McDonough, GA 30253, to determine whether

Defendants were in compliance with the FLSA. During the investigation, Wage Hour spoke with employees and reviewed business records. As a result of that investigation, Wage Hour determined that Defendants violated the minimum wage, overtime, and record-keeping provisions of the FLSA. Very shortly thereafter, Defendants terminated the employment of employees with whom Wage Hour spoke during its investigation. The Secretary subsequently conducted an investigation and has determined that, by these terminations, Defendants violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Defendants dispute this determination.

The Secretary and Defendants have, in a separate settlement agreement, resolved the underlying violations of the minimum wage, overtime, and record-keeping provisions of the FLSA which were initially investigated by Wage and Hour. In order to resolve the alleged acts of retaliation in violation of Section 15(a)(3) of the Act, the parties agree to the entry of the following Consent Order:

## Jurisdiction and Venue

A. This Court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217 (injunction proceedings), and by 28 U.S.C. § 1345 (proceedings commenced by the United States).

B. The Secretary has the authority to initiate legal proceedings to enforce Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

C. This Court is the most appropriate venue for any enforcement action which may be required as a result of this Consent Judgment because the alleged violations

occurred at Defendants' worksite in McDonough, Georgia, within the jurisdiction of this Court.

In consideration of mutual promises and undertakings hereinafter contained, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby AGREE to be legally bound by the terms of this Consent Judgment and the Court expressly APPROVES, ENTERS, and ORDERS that:

1. Defendants are permanently enjoined from:

    a. Violating the minimum wage provision of the FLSA, 29 U.S.C. § 206, and regulations promulgated thereunder;

    b. Violating the overtime provision of the FLSA, 29 U.S.C. § 207, and regulations promulgated thereunder;

    c. Violating the recordkeeping provision of the FLSA, 29 U.S.C. § 211, and regulations promulgated thereunder;

    d. Terminating or threatening to terminate, threatening or intimidating in any other manner or retaliating or discriminating in any way – including, but not limited to, reducing work hours or eliminating any benefits of employment (*e.g.*, providing a room) –against current and/or former employees based on Defendants' belief that: an employee spoke with or intends to speak with a Wage and Hour investigator; filed a complaint with the Department of Labor: cooperated or intends to cooperate in any way in Department of Labor

investigations; complained to Defendants or any of their representatives, agents, or assigns about what the employee believes is a violation of the FLSA; or otherwise exercised any right under the FLSA.

2. Defendants are permanently enjoined from telling anyone who works for them to not speak to representatives of the Secretary or to provide false information to the Secretary or otherwise coerce employees to make false statements to any person regarding the terms and conditions of employment.

3. Defendants represent that their employment practices are currently in compliance with all applicable provisions of the FLSA. If this representation is determined to be false and the Defendants are found in violation of the FLSA after entry of this Consent Judgment, additional back wages and liquidated damages for the period after entry of this Consent Judgment may be owed, and other remedies may be required or appropriate.

4. Defendants shall pay a total of $14,748.16 in back wages for violations of FLSA section 15(a)(3) and $17,000.00 in compensatory damages for the period of May 23, 2016 to October 9, 2016 to the individuals listed in Exhibit A. These amounts will be paid within ninety (90) days of entry of this Consent Judgment.

For any individual listed in Exhibit A who requests reemployment with Defendants within one hundred and eighty (180) days of the entry of this Consent Judgment, Defendants shall offer and provide such reemployment. The terms of any employment entered as a result of this paragraph shall comply with all applicable

provisions of the FLSA, and shall include all benefits Defendants customarily offer to similarly-situated employees, including but not limited to the provision of a room.

The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A or of any individual named in Exhibit A with respect to any violations alleged to have occurred outside the period indicated in Exhibit A next to that individual's name.

5. To comply with the provisions of the preceding paragraph, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Atlanta District Office, 61 Forsyth Street SW, Room 7M10, Atlanta, GA 30303, a certified check payable to "Wage and Hour Division, U.S. Department of Labor" in the total amount being paid to the employees as set forth in Exhibit A on or before ninety days after the Court enters the consent judgment.

6. Defendants shall provide training on Sections 6, 7, 11, and 15(a)(3) of the FLSA, to all current supervisory employees and all employees who participate in making personnel decisions, including, but not limited to, disciplinary actions, the transfer and/or termination of employees at the worksite. Defendants shall provide the training within ninety (90) days of the effective date of this Consent Judgment. Attendance logs reflecting the date(s) of the training, content of the training, and the names of all training attendees, along with the attendees' job titles shall be maintained by Defendants. No later than thirty (30) days after the completion of the training,

Defendants shall send a copy of the attendance logs and training materials to the following:

> Eric Williams, District Director
> U.S. Department of Labor, Wage and Hour Division
> Atlanta District Office
> 61 Forsyth Street SW, Room 7M10
> Atlanta, GA 30303

7. Defendants shall immediately post the FLSA Poster (available on Wage Hour Division's website at https://www.dol.gov/whd/regs/compliance/posters/minwage.pdf) in a conspicuous place at its main office location where notices to employees are customarily posted, and will maintain this posting permanently. If any of Defendants' employees are not English-fluent, the poster shall be translated to the applicable language(s) and posted alongside the English version

8. Defendants expressly waive any and all claims that they have or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution and maintenance of this civil action or any other proceeding and investigation incident thereto.

9. Defendants aver that that they have entered into this Consent Judgment knowingly and voluntarily.

10. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11. Enforcement proceedings for violations of this Consent Judgment may be initiated at any time upon filing with this Court a motion for an order of enforcement and sanctions.

12. Failure by the parties to enforce this Consent Judgment in its entirety or any of its provisions shall not be construed as a waiver of their right to enforce other provisions of the Consent Judgment.

13. If any term of this Consent Judgment is determined by any court to be unenforceable, the other terms of this Consent Judgment shall nonetheless remain in full force and effect.

14. This Consent Judgment does not bind any other federal agency from initiating proceedings against Defendants.

15. This Consent Judgment expressly resolves any and all claims and allegations that the Secretary has, may have, or had against Defendants, or any of their affiliates, officers, agents, employees, or representatives that arose at any time up to the date this Consent Judgment is entered by the Court under sections 6, 7, 11, and 15(a)(3) of the FLSA.

16. The parties acknowledge and agree that this Consent Judgment and the parties' respective signatures on this Consent Judgment are not and shall not be construed as an admission or acknowledgement of any liability, fault or wrongdoing of any kind whatsoever on the part of Defendants.

SO ORDERED this 23rd day of January.

_____
Eleanor L. Ross
DISTRICT COURT JUDGE

| Defendants move for entry of the above Consent Judgment: | Plaintiff moves for entry of the above Consent Judgment: |
|---|---|
| | M. PATRICIA SMITH<br>Solicitor of Labor |
| By: _____<br>PRAHLAD PATEL, Owner of Prahlad, Inc. d/b/a Fairbridge Inn & Suites | STANLEY E. KEEN<br>Regional Solicitor |
| | CHANNAH S. BROYDE<br>Counsel |
| By: _____<br>PRAHLAD PATEL, an individual | By: _____<br>LYDIA J. CHASTAIN<br>Senior Trial Attorney |
| By: _____<br>KOKILAH PATEL, an individual | Attorneys for Plaintiffs |

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W., Room 7T10
Atlanta, GA 30303
(404) 302-5435
(404) 302-5438 (FAX)
Chastain.Lydia.J@dol.gov

**Exhibit A**

|               | Back Wages:  | Compensatory Damages: | Total:      |
|---------------|--------------|-----------------------|-------------|
| **Vicki Shelton** | $2,590.00    | $6,000.00             | $8,590.00   |
| **Carlos Willis** | $4,146.52    | —                     | $4,146.52   |
| **Gina Willis**   | $5,421.64    | $5,000.00             | $10,421.64  |
| **Anthony Wynn**  | $2,590.00    | $6,000.00             | $8,590.00   |
| **Total:**        | $14,748.16   | $17,000.00            | $31,748.16  |